THOMAS D'AMORE, OSB No. 922735
Email: tom@damorelaw.com
DOUGLAS P. OH-KEITH, OSB No. 064585
Email: doug@damorelaw.com
AMY BRUNING, OSB No. 175811
Email: amy@damorelaw.com
D'AMORE LAW GROUP, P.C.
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035
Telephone: (503) 222-6333

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ESTATE OF AMANDA MARLENE PALIN by and through its Personal Representative, SHANNON CONLEY,<br><br>Plaintiff,<br><br>vs.<br><br>MPF FEDERAL, LLC, a Pennsylvania limited liability company; AVIS RENT A CAR SYSTEM, LLC, a Delaware limited liability company; AVIS BUDGET GROUP, INC., a Delaware corporation; and KIMBERLY GABRIEL,<br><br>Defendants. | Case No.<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

## PARTIES

1.

Plaintiff is the Estate of Amanda Marlene Palin, by and through its Personal Representative, SHANNON CONLEY. At the time of her death, Amanda Marlene Palin ("Decedent") was a 35 year old woman residing in Oregon. Shannon Conley was appointed as the successor Personal Representative for the Estate of Amanda Marlene Palin by the Polk County Circuit Court on December 13, 2023. The matter was then transferred to Multnomah County and is titled, *In the Matter of the Estate of Amanda Marlene Palin,* Multnomah County Case No. 21PB08530.

2.

Defendant MPF Federal, LLC ("Defendant MPF") is a Pennsylvania limited liability company with its principal place of business in Maryland. At all material times, Defendant MPF conducted regular, sustained business activity in Oregon.

3.

Defendant Avis Rent A Car System, LLC, is a Delaware limited liability company with its principal place of business in New Jersey that conducts regular, sustained business activity and has an office of the transaction of business in Oregon.

4.

Defendant Avis Budget Group, Inc., is a Delaware corporation with its principal place of business in New Jersey that conducts regular, sustained business activity and has an office of the transaction of business in Oregon.

5.

Defendant Avis Rent A Car System, LLC, and Defendant Avis Budget Group, Inc. are collectively referred to herein as the Avis Defendants.

6.

Defendant Kimberly Gabriel ("Defendant Gabriel") is an individual who worked as the employee and/or actual agent and/or apparent agent of Defendant MPF. At all material times, Defendant Gabriel was acting within the course and scope of her employment and/or agency with Defenant MPF while pursuing its business purpose. Defendant Gabriel is a resident of the state of Texas.

**JURISDICTION AND VENUE**

7.

Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 (a)(1), based on diversity of citizenship and the amount in controversy, exclusive of interests or costs, exceeds $75,000.

8.

Venue is proper in this Court because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2), and all Defendants are subject to personal jurisdiction in this District because they conduct business within the State pursuant to 28 U.S.C. § 1391(c)(2).

**FACTUAL BACKGROUND**

9.

On or about the spring of 2021, while Defendant Gabriel was living and working in Texas, Defendant MPF hired Defendant Gabriel to travel in and around Oregon to administer COVID vaccinations.

{00627022;13}
Page 3 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

10.

At the time of her hiring, Defendant MPF offered to provide an insured rental car for Defendant Gabriel's exclusive use and to cover the cost of her sleeping accommodations while working in Oregon as Defendant Gabriel was expected to stay and work in Oregon for an extended period.

11.

At the time of her hiring, Defendant Gabriel did not have a valid driver's license. Her license had been suspended.

12.

At the time of her hiring, Defendant Gabriel did not have a clean driving record. She had been convicted for driving under the influence of intoxicants.

13.

At the time of her hiring, Defendant MPF did not perform any checks on Defendant Gabriel's driver's license or records.

14.

Despite Defendant Gabriel's lack of a valid driver's license and unclean driving record, Defendant MPF hired Defendant Gabriel to drive around Oregon administering vaccines.

15.

Despite Defendant Gabriel's lack of a valid driver's license and unclean driving record, Defendant MPF reserved a rental car through the Avis Defendants for Defendant Gabriel to drive while she was staying and working in Oregon.



16.

On or about May 31, 2021, the Avis Defendants rented a 2021 Volkswagen Jetta ("Rental Car") to Defendant Gabriel at 10947 NE Holman Street in Portland, Oregon.

17.

At all material times, Defendant Avis advertised on its website that "All renters, and anyone else planning to drive the rental car, will be required to present a valid driver's license showing that the driver * * * has a clean driving record" in order to be eligible to rent a car from Avis.

18.

At the time of the rental, Defendant Gabriel did not have a valid driver's license. Her license had been suspended.

19.

At the time of the rental, Defendant Gabriel did not have a clean driving record. She had been convicted for driving under the influence of intoxicants.

20.

At the time of the rental, Defendant Gabriel told the Avis Defendants that she did not have a valid driver's license.

21.

At the time of the rental, the Avis Defendants did not perform any checks on Defendant Gabriel's driving license or record.

22.

Despite her lack of driver's license or clean driving record, the Avis Defendants rented the Rental Car to Defendant Gabriel.

23.

On July 7, 2021, at approximately 10:00 PM, Defendant Gabriel was driving on Commercial Street NE near its intersection with Division Street in Salem, Oregon, returning to her hotel room for the evening.

24.

At that same time, Decedent Palin was a pedestrian walking in the crosswalk across Commercial Street NE.

25.

Defendant Gabriel struck Decedent Palin in the crosswalk at the intersection of Commercial Street and Division Street in Salem, Oregon.

26.

At the time of the collision, Defendant Gabriel was under the influence of intoxicants, including alcohol, methamphetamine, and marijuana.

27.

Decedent Palin survived and suffered for eight days before succumbing and dying as a result of the injuries she suffered in the collision.

28.

As a result of the July 7, 2021, collision, Defendant Gabriel was convicted of Driving Under the Influence of Intoxicants on April 12, 2022.

{00627022;13}
Page 6 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

## VICARIOUS LIABILITY

29.

Plaintiff realleges all paragraphs above.

30.

At all material times, Defendant Gabriel was acting as Defendant MPF's employee and/or actual agent and/or apparent agent, and she was acting within the course and scope of her employment and/or agency on behalf of Defendant MPF. Defendant Gabriel acted under the control and influence of Defenant MPF for its commercial benefit. Therefore, Defendant MPF is vicariously liable for the damages caused by the negligence, gross negligence, or recklessness of Defendant Gabriel as alleged in the Complaint.

## FIRST CLAIM FOR RELIEF

**(Wrongful Death – Negligence/Recklessness against Defendant Gabriel & Defendant MPF)**

31.

Plaintiff realleges all paragraphs above.

32.

At the time of the collision, Defendant Gabriel was negligent and/or reckless in one or more of the following particulars:

a. Driving without a license in violation of ORS 807.010;

b. Failing to exercise due care in the operation of a motor vehicle in violation of ORS 811.005;

{00627022;13}
Page 7 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

    c.   Driving a vehicle upon a highway at a speed greater than was reasonable and prudent with due regard to the traffic, the width of the highway, and pedestrians at the intersection of Commercial Street NE and Division Street NE, Salem, Oregon in violation of ORS 811.100;

    d.   Failing to stop and remain stopped for a pedestrian in violation of ORS 811.028;

    e.   Recklessly operating a vehicle in a matter that results in contact between the vehicle she was driving and a pedestrian in violation of ORS 811.060(2)(a)(F);

    f.   Operating a vehicle on a highway in a manner that endangers or would be likely to endanger persons and property in violation of ORS 811.135;

    g.   Recklessly failing to exercise reasonable care while operating a motor vehicle in violation of ORS 811.140; and

    h.   Driving under the influence of intoxicants in violation of ORS 813.010.

33.

Defendant Gabriel acted recklessly in that she knew or should have known that her conduct would create an unreasonable risk of harm to others and involved a high degree of probability that substantial harm would result. Defendant MPF is vicariously liable for the damages caused by Defenant Gabriel's negligence, gross negligence, and/or recklessness.

34.

As a direct and proximate result of Defendant Gabriel's negligent and/or reckless conduct, Decedent Palin sustained severe personal injuries and death, and she and her Estate suffered damages as described below.

{00627022;13}
Page 8 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

## SECOND CLAIM FOR RELIEF

### (Wrongful Death - Negligent Hiring against Defenant MPF)

35.

Plaintiff realleges all paragraphs above.

36.

Defendant MPF was negligent, reckless or some combination thereof in one or more of the following ways:

a. Hiring Defendant Gabriel when they knew or should have known that Defendant Gabriel did not have a valid driver's license;

b. Hiring Defendant Gabriel when they knew or should have known that Defenant Gabriel did not have a clean driving record;

c. Failing to train Defendant Gabriel on safe driving procedures when it knew that Defendant Gabriel would be driving as part of her employment; and

d. Furnishing the Rental Car to Defenant Gabriel when they knew or should have known that Defendant Gabriel was unlicensed.

37.

Defendant MPF's negligent conduct created an unreasonable risk of harm to others and involved a high degree of probability that substantial harm would result when it hired an unlicensed driver with unclean driving record to drive around Oregon.

38.

As a direct and proximate result of Defendant MPF's negligent hiring of Defendant Gabriel, Decedent Palin sustained severe personal injuries and death, and she and her Estate suffered damages as described below.

{00627022;13}
Page 9 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

## THIRD CLAIM FOR RELIEF

### (Negligent Entrustment against Defendant MPF)

39.

Plaintiff realleges all paragraphs above.

### Count 1 – Common Law Negligence/Wrongful Death

40.

Pleading in the alternative, at the time of Defendant Gabriel's hiring, Defendant MPF was negligent in one or more of the following particulars:

a. Employing Defendant Gabriel to drive around Oregon in the Rental Car reserved and paid for by Defendant MPF when Defendant MPF knew or should have known through the exercise of reasonable due diligence that Defendant Gabriel did not have a valid driver's license in violation of ORS 807.610;

b. In furnishing the Rental Car to Defendant Gabriel without conducting a check of her driving records;

c. In furnishing the Rental Car to Defendant Gabriel when it knew or should have known she was unable to operate the Rental Car safely; and

d. In furnishing the Rental Car to Defendant Gabriel when it knew or should have known she had a habit of driving under the influence of intoxicants.

41.

Plaintiff is within the class of persons foreseeably put at unreasonable risk of harm by Defendant MPF's described acts and omissions. Defendant MPF knew or should have known that each of the acts or omissions described above foreseeably places others on or near public roads at risk, that such acts or omissions risk serious injury to others, that repeated incidences of

{00627022;13}
Page 10 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

such acts or omissions predictably leads to repeated incidents of serious injury and death, and that such injuries are preventable in the exercise of reasonable care.

42.

As a direct and proximate result of the Defendant's MPF negligent conduct, Decedent Palin sustained severe personal injuries and death, and she and her Estate suffered damages as described below.

### Count 2 – Negligence *Per Se*/Wrongful Death

43.

Pleading in the alternative, Defendant MPF owed duties to other motorists and pedestrians on public highways and roads, including Decedent Palin, pursuant to ORS 807.610(1)(a)(b), to not employ or otherwise furnish a motor vehicle to Defendant Gabriel without first seeing her driver's license allowing her, under the vehicle code, to operate the Rental Car.

44.

Decedent Palin was a member of the class of persons intended to be protected by ORS 807.610, and the injuries that Decedent Palin suffered were of the kind that ORS 807.610 intended to prevent. By virtue of the Defendant MPF's violation of ORS 807.610, Defendant MPF was negligent *per se* with respect to the injuries suffered by Decedent Palin.

45.

As a direct and proximate result of the Defendant MPF's violation of ORS 807.610, Decedent Palin sustained severe personal injuries and death, and she and her Estate suffered damages as described below.

{00627022;13}
Page 11 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**(Negligent Entrustment against Avis Defendants)**

46.

Plaintiff re-alleges all paragraphs above.

**Count 1 – Common Law Negligence/Wrongful Death**

47.

At the time of entrusting the Rental Car to Defendant Gabriel, the Avis Defendants were negligent in one or more of the following particulars:

a. Renting the Rental Car to Defendant Gabriel when it knew that she did not have a valid driver's license in violation of ORS 807.610;

b. Renting the Rental Car to Defendant Gabriel without conducting a check of her driving record;

c. Renting the Rental Car to Defendant Gabriel when it knew or should have known she was unable to operate the Rental Car safely; and

d. Renting the Rental Car to Defendant Gabriel when it knew or should have known she had a habit of driving under the influence of intoxicants.

48.

Plaintiff is within the class of persons foreseeably put at unreasonable risk of harm by the Avis Defendants' described acts and omissions. As a business that rents and entrusts motor vehicles to others, the Avis Defendants knew or should have known that each of the acts or omissions described above foreseeably places others on or near public highways and roads at risk, that such acts or omissions risk serious injury to others, that repeated incidences of such acts or omissions predictably leads to repeated incidents of serious injury and death, and that such injuries are preventable in the exercise of reasonable care.

{00627022;13}
Page 12 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

49.

As a direct and proximate result of the Avis Defendants' negligent conduct, Decedent Palin sustained severe personal injuries and death, and she and her Estate suffered damages as described below.

## Count 2 – Negligence *Per Se*/Wrongful Death

50.

Pleading in the alternative, the Avis Defendants owed duties to other motorists and pedestrians on public highways and roads, including Decedent Palin, pursuant to ORS 807.610(1)(b), and not rent or otherwise furnish a motor vehicle to Defendant Gabriel without first seeing her license allowing her, under the vehicle code, to operate the Rental Car.

51.

Decedent Palin was a member of the class of persons intended to be protected by ORS 807.610, and the injuries that Decedent Palin suffered were of the kind that ORS 807.610 intended to prevent. By virtue of the Avis Defendants' violation of ORS 807.610, the Avis Defendants were negligent *per se* with respect to the injuries suffered by Decedent Palin.

52.

As a direct and proximate result of the Avis Defendants' violation of ORS 807.610, Decedent Palin sustained severe personal injuries and death, and she and her Estate suffered damages as described below.

## DAMAGES

53.

The Estate of Amanda Palin seeks noneconomic damages in an amount that a jury determines is fair, but not to exceed $20,000,000, for Decedent Palin's pre-death pain and

{00627022;13}
Page 13 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

suffering and her family's loss of society and companionship pursuant to ORS 30.020(2)(b) and (d).

54.

The Estate of Amanda Palin seeks economic damages in an amount that a jury determines is fair, but not to exceed $5,302,178, for medical and burial bills rendered for Decedent Palin, as well as her family's loss of services pursuant to ORS 30.020(2)(a) and (d).

**Punitive Damages Against All Defendants**

55.

Plaintiff realleges all paragraphs above.

56.

Defendants' actions demonstrate a reckless and outrageous indifference to a highly unreasonable risk of harm in acting with conscious indifference to the safety of Decedent and the rest of the public.  Plaintiff demands punitive damages against each of the Defendants in amounts to be determined at trial.

57.

Plaintiff demands a jury trial.

//
//
//
//
//
//

{00627022;13}
Page 14 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

a. For noneconomic damages in the amount of $20,000,000;

b. For economic damages in the amount of $5,302,178.

c. For costs and disbursements incurred herein;

d. For interest according to law; and

e. For such other relief as the court deems just.

DATED this 15th day of May, 2024.

D'AMORE LAW GROUP, P.C.

By: _____
Thomas D'Amore, OSB No. 922735
Email: tom@damorelaw.com
Douglas P. Oh-Keith, OSB No. 064585
Email: doug@damorelaw.com
Amy Bruning, OSB No. 175811
Email: amy@damorelaw.com
4230 Galewood Street, Suite 200
Lake Oswego, OR 97035
Telephone: 503-222-6333

*Of Attorneys for Plaintiff*

{00627022;13}
Page 15 – COMPLAINT

D'AMORE LAW GROUP
4230 Galewood St., Ste. 200
Lake Oswego, OR 97035
(503) 222-6333